Mark S. Sifferman, #006600
**CLARK HILL PLC**
14850 North Scottsdale Road, Suite 500
Scottsdale, AZ 85254
Telephone: (480) 684-1103
Facsimile: (480) 684-1163
msifferman@clarkhill.com
Attorneys for Eagle Produce, L.L.C.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MARK G. BYERS and JULIE A. BYERS,<br><br>Debtors. | Chapter 13<br><br>Case No.: 2:13-BK-07763-DPC<br><br>Adv. No.: 2:13-AP-00933-DPC |
| EAGLE PRODUCE, L.L.C., an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MARK G. BYERS and JULIE A. BYERS, husband and wife,<br><br>Defendants. | **COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT** |

For its complaint against the Defendants, Plaintiff Eagle Produce, L.L.C. ("Eagle Produce"), through undersigned counsel, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334.

2. This Complaint seeks a determination that the debt owed to Eagle Produce by Defendants is not dischargeable, and therefore, this is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

**THE PARTIES**

4. On May 8, 2013, Defendants, residents of this District, filed a petition for relief under Chapter 13 of the Bankruptcy Code, which commenced Case No. 2:13-BK-07763-DPC pending before this Court.

5. Eagle Produce is a limited liability company created and existing under the laws of the State of Arizona. Eagle Produce is a creditor of Defendants.

**CONDUCT MAKING DEBT NOT DISCHARGEABLE**

6. Sometime, no later than August 7, 2007, Defendant Julie A. Byers ("Mrs. Byers"), then an employee of Eagle Produce working in its accounting department, agreed with Mark P. Murro III ("Murro") that invoices would be prepared and submitted to Eagle Produce indicating that Murro had performed services for Eagle Produce when, in fact, he had performed no such services.

7. From approximately August 7, 2007 through August 12, 2008, in furtherance of this scheme, Mrs. Byers prepared numerous invoices seeking payment from Eagle Produce for services supposedly performed by Murro.

8. In her position as a cost accountant for Eagle Produce, Mrs. Byers was in position to and actually did approve these invoices for payment, knowing full well that the invoices were for services never performed.

9. These actions of Mrs. Byers were taken while she was in a fiduciary capacity with Eagle Produce.

10. Because of Mrs. Byers' actions, Eagle Produce issued checks payable to Murro for the total sum of $357,673.34. A substantial portion of these funds were deposited into Defendants' joint bank account and used to pay the Defendants' community obligations and to otherwise benefit their marital community.

11. Mrs. Byers subsequently was charged in Maricopa County Superior Court, Cause No. CR2010-006305 (the "Superior Court Criminal Action") with criminal offenses based on her conduct in wrongfully obtaining money from Eagle Produce.

12. On March 18, 2011, Mrs. Byers pled guilty in the Superior Court Criminal Action to one count of Fraudulent Schemes and Artifices, a Class 2 felony.

13. On May 2, 2011, Mrs. Byers was sentenced in the Superior Court Criminal Action to five years of probation and ordered to pay $376,081.28 in restitution to Eagle Produce at the rate of $100.00 per month beginning July 1, 2011 (the "Criminal Restitution Order").

14. In addition, Eagle Produce filed a civil action against Defendants in Maricopa County Superior Court, Cause No. CV2010-051159 (the "Superior Court Civil Action"), alleging that Mrs. Byers had embezzled or otherwise wrongfully obtained money from Eagle Produce while acting in a fiduciary capacity and that her conduct benefitted the Defendants' marital community.

15. The Defendants filed an Answer in the Superior Court Civil Action, affirmatively denying some allegations of the Complaint and asserting their privilege against self-incrimination as to the remaining allegations.

16. Eagle Produce thereafter filed a successful Motion for Summary Judgment, and a Final Judgment was entered in favor of Eagle Produce and against Defendants for the principal amount of $357,673.34, pre-judgment interest of $77,200.92 and taxable costs of $812.00 (the "Civil Judgment").

17. After crediting all payments received from Defendants, the amount owing on the Civil Judgment as of the Petition Date was $439,632.91.

18. Defendants paid $2,800.00 in restitution before filing their Chapter 13 petition, reducing the amount owing on the Criminal Restitution Order to $373,281.28.

## NONDISCHARGEABILITY OF DEBT

19. The debt owed to Eagle Produce arising from the Civil Judgment is not dischargeable pursuant to 11 U.S.C. §§ 523(a)(4).

20. The debt owed to Eagle Produce arising from the Criminal Restitution Order is not dischargeable pursuant to 11 U.S.C. §§ 523(a)(7), 523(a)(13) and 1328(a)(3).

21. The debt owed to Eagle Produce by Defendants is enforceable against Defendants' community property and Defendant Julie A. Byers' separate property, including all such property acquired post-petition. *Arcadia Farms Limited v. Rollinson*, 322 B.R. 879 (Bankr. D. Az. 2005).

**WHEREFORE**, Eagle Produce prays that this Court enter a Judgment:

A. determining that Eagle Produce is owed $439,632.91 on the Civil Judgment and that the debt is not dischargeable, or, in the alternative, determining that Eagle Produce is owed $373,281.28 on the Criminal Restitution Order and that the debt is not dischargeable,

B. determining that the debt owed to Eagle Produce is enforceable against Defendants' community property and Defendant Julie A. Byers' separate property, including all such property acquired post-petition,

C. allowing Eagle Produce to record the Judgment, and,

D. granting Eagle Produce such other and further relief as is just and proper, including reasonable costs and attorneys' fees.

**RESPECTFULLY SUBMITTED** this 16th of August, 2013.

**CLARK HILL PLC**

By: */s/Mark S. Sifferman*
    Mark S. Sifferman
    Attorneys for Eagle Produce, L.L.C.