Amber L. Guymon
LAW OFFICE OF AMBER L. GUYMON, PLLC
633 E. Ray Road, Bldg. 8, Suite 134
Gilbert, Arizona 85296
Telephone: (480) 721-8772
Fax: (866) 593-6928
E-mail: amber@guymonlawpllc.com
SBN 027327
*Attorney for Debtors/Defendants*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MARK G. BYERS and<br>JULIE A. BYERS,<br><br>    Debtors.<br>_____<br>EAGLE PRODUCE, L.L.C., an Arizona limited liability company,<br><br>    Plaintiff,<br>vs.<br><br>MARK G. BYERS and<br>JULIE A. BYERS, husband and wife,<br><br>    Defendants. | Chapter 13<br><br>Case No.: 2:13-BK-07763-DPC<br><br>Adv. No.: 2:13-AP-00933-DPC<br><br>**ANSWER TO COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT** |

    For their Answer to Plaintiff's Complaint, Debtors/Defendants, MARK G. BYERS and JULIE A. BYERS, through undersigned counsel, allege as follows:

    1.    In response to Paragraph 1. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

    2.    In response to Paragraph 2. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

3. In response to Paragraph 3. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

4. In response to Paragraph 4. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

5. In response to Paragraph 5. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

6. In response to Paragraph 6. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

7. In response to Paragraph 7. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

8. In response to Paragraph 8. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

9. In response to Paragraph 9. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

10. In response to Paragraph 10. of Plaintiff's Complaint, Debtors/Defendants admit as to amount of issued checks, but deny remaining allegations set forth therein.

11. In response to Paragraph 11. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

12. In response to Paragraph 12. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

13. In response to Paragraph 13. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein, except the amount of restitution was $210.00 per month, not $100.00 per month.

14. In response to Paragraph 14. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

15. In response to Paragraph 15. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

16. In response to Paragraph 16. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein, but affirmatively allege that the Final Judgment was entered by default.

17. In response to Paragraph 17. of Plaintiff's Complaint, Debtors/Defendants can neither admit nor deny the allegations set forth therein because they have not seen an accounting.

18. In response to Paragraph 18. of Plaintiff's Complaint, Debtors/Defendants deny the allegations set forth therein and allege that during the thirty (30) months prior to filing their Chapter 13 Bankruptcy, the Debtors/Defendants had paid to Plaintiff the sum of $87,000.00 through a Writ of Garnishment issued by Plaintiffs, in addition to monthly restitution payments.

19. In response to Paragraph 19. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

20. In response to Paragraph 20. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

21. In response to Paragraph 21. of Plaintiff's Complaint, Debtors/Defendants admit the allegations set forth therein.

WHEREFORE, Debtors/Defendants having fully answered Plaintiff's Complaint, request the following relief:

A. Determining the actual amount Eagle Produce is owed on the Civil Judgment and that the debt is not dischargeable;

B. Declaring that the civil judgment and criminal restitution judgment represent the same total amount owed by the Debtors and are one in the same;

B. Determining that the debt owed to Eagle Produce is jointly enforceable against Mark P. Murro III and these Debtors/Defendants for Plaintiff's Civil Judgment; and

C. Granting Debtors/Defendants such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 15th day of October, 2013.

/s/ Amber L. Guymon
Amber L. Guymon
*Attorney for Debtors/Defendants*

Original filed this 15th day of
October, 2013, with US Bankruptcy Court

Copy of the foregoing mailed/delivered
this 15th day of October, 2013 to:

Mark S. Sifferman
CLARK HILL PLC
14850 N. Scottsdale Road, Suite 500
Scottsdale, Arizona 85254

Russell Brown
Chapter 13 Trustee
3838 N. Central Avenue, Suite 800
Phoenix, Arizona 85012-1965

By: /s/