Mark S. Sifferman, #006600
**CLARK HILL PLC**
14850 North Scottsdale Road, Suite 500
Scottsdale, AZ 85254
Telephone: (480) 684-1103
Facsimile: (480) 684-1163
msifferman@clarkhill.com
Attorneys for Eagle Produce, L.L.C.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MARK G. BYERS and JULIE A. BYERS,<br><br>Debtors. | Chapter 13<br><br>Case No.: 2:13-BK-07763-DPC<br><br>Adv. No.: 2:13-AP-00933-DPC |
| EAGLE PRODUCE, L.L.C., an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MARK G. BYERS and JULIE A. BYERS, husband and wife,<br><br>Defendants. | **STIPULATION FOR ENTRY OF JUDGMENT DECLARING DEBT NOT DISCHARGEABLE** |

Subject to the approval of the United States Bankruptcy Court for the District of Arizona and subject to the provisions of Paragraph 14 herein, **IT IS HEREBY STIPULATED** by Plaintiff Eagle Produce, L.L.C. ("Eagle Produce") and Defendants Mark G. Byers and Julie A. Byers (the "Debtors"), as follows:

**RECITALS**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

3. This Adversary is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

4. On May 8, 2013 (the "Petition Date"), Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code, which commenced Case No. 2:13-BK-07763-DPC now pending before this Court.

5. Starting on or about August 7, 2007, Debtor Julie A. Byers ("Mrs. Byers"), then an employee of Eagle Produce working in its accounting department, caused invoices to be submitted to Eagle Produce seeking payment for services which had not been performed.

6. From approximately August 7, 2007 through August 12, 2008, Eagle Produce issued checks totaling $357,673.34 based on the invoices submitted by Mrs. Byers.

7. On March 18, 2011, Mrs. Byers pled guilty in Maricopa County Superior Court, Cause No. CR2010-006305 (the "Superior Court Criminal Action") to one count of Fraudulent Schemes and Artifices, a Class 2 felony, arising from her submission of the false invoices to Eagle Produce.

8. On May 2, 2011, Mrs. Byers was sentenced in the Superior Court Criminal Action to five years of probation and ordered to pay $376,081.28 in restitution to Eagle Produce at the rate of $100.00 per month beginning July 1, 2011 (the "Restitution Order").

9. In addition, Eagle Produce filed a civil action against Debtors in Maricopa County Superior Court, Cause No. CV2010-051159, based on Mrs. Byers' submission of false invoices to Eagle Produce. Debtors filed an Answer to Eagle Produce's Complaint in that civil action. Eagle Produce filed a summary judgment motion, which was granted. Judgment was entered against Debtors for the principal amount of $357,673.34, pre-judgment interest of $77,200.92 and taxable costs of $812.00 (the "Civil Judgment"). The Civil Judgment was enforceable against Debtors' community property and Mrs. Byers' separate property.

10. As of the date Debtors filed their Chapter 13 petition, Eagle Produce had received $2,800.00 in restitution and $81,594.72 from wage garnishments.

## AGREEMENT

**NOW THEREFORE**, in consideration of the agreements hereafter set forth, the sufficiency and receipt of such consideration hereby being acknowledged, the parties hereto agree as follows:

11. The foregoing recitals are true and correct.

12. Debtor Julie A. Byers will seek and obtain an order from the Superior Court in Maricopa County increasing the monthly restitution payment to $1,600.00 (the "Criminal Restitution Order"). **EXCEPT AS HEREAFTER PROVIDED, THIS AGREEMENT IS CONTINGENT UPON THE ENTRY OF SUCH AN ORDER.** The monthly payments of restitution are to be paid outside of Debtors' Chapter 13 Plan, will be paid no later than the 15th of each month, and will be applied to the principal portion of the debt owed by Debtors. If, through no action or inaction of Debtors, the Superior Court in Maricopa County does not enter an Order increasing the monthly restitution payments to $1,600.00, the contingency will be deemed fulfilled as long as Debtors make voluntary monthly restitution payments of $1,600.00.

13. Upon the entry of an Order of the Bankruptcy Court approving this Stipulation, Eagle Produce will file a Partial Satisfaction of the Civil Judgment stating that, as of the Petition Date, the amount owing on the Civil Judgment was $291,686.56.

14. The debt owed to Eagle Produce arising from the Civil Judgment is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(4).

15. The debt owed to Eagle Produce arising from the Restitution Order is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(7), 523(a)(13) and 1328(a)(3).

16. The debt owed to Eagle Produce by Defendants is enforceable against Defendants' community property and Defendant Julie A. Byers' separate property, including all such property acquired post-petition.

17. This Court may enter a Judgment in this Adversary determining that, as of the Petition Date, Debtors were indebted to Eagle Produce on the Civil Judgment and Criminal Restitution Order for the amount of $291,686.56, that the debt is not dischargeable, and that the debt is enforceable against Defendants' community property and Defendant Julie A. Byers' separate property, including all such property acquired post-petition. Upon entry of this Judgment, Eagle Produce may take whatever action is appropriate to perfect a judgment lien under federal or state law.

18. To the extent Eagle Produce has received restitution payments after the Petition Date and before entry of an Order approving this Stipulation, Eagle Produce will file a Partial Satisfaction of the Civil Judgment and a Partial Satisfaction of the Stipulated Judgment in this adversary. For restitution payments received after entry of an Order approving this Stipulation, Eagle Produce will file partial satisfactions of the Civil Judgment and the Stipulated Judgment in this adversary on a quarterly basis.

19. Provided Debtors timely make the monthly restitution payments of $1,600.00, Eagle Produce will not execute on the Civil Judgment or the Judgment entered in this Adversary, except the judgment lien may be enforced upon the sale by Debtors of any real property subject to the lien. This covenant not to execute will survive completion of Debtors' Chapter 13 Plan payments and entry of Debtors' discharge.

20. If Debtors fail to make a timely monthly restitution payment and do not make the payment within ten (10) calendar days of notice of the default being given by Eagle Produce, then Eagle Produce may use all available means of execution to enforce the Civil Judgment and the Judgment entered in this Adversary.

21. The settlement of the matters governed by this Stipulation is in the best interest of the Debtors and their estates, and is an appropriate means of resolving these matters.

22. Debtors voluntarily consent to the execution of this Stipulation, and at the time of the execution of this Stipulation, they were not under any duress, undue compulsion or undue influence whatsoever. No representations have been made by or to any Party which are not contained herein. This Agreement represents the entire agreement among the Parties and supersedes any other agreements between the Parties.

23. This Agreement is to be governed by the substantive laws of the State of Arizona. In any action or legal proceeding arising out of this Agreement, the prevailing party is entitled to all costs and expenses relating to such action or legal proceeding, including, but not limited to, reasonable attorneys' fees and costs.

24. This Agreement is binding upon the Parties, as well as their respective heirs, successors and assigns.

25. Any notice, demand or request provided hereunder shall be in writing and shall be deemed to be properly served when made, if hand delivered, or sent and delivered by registered or certified mail, postage prepaid, or by facsimile, with an original sent by First Class Mail when facsimile is used, as follows:

If to Eagle Produce:

Joseph Oddo
EAGLE PRODUCE
7332 East Butherus Drive
Scottsdale, AZ 85260

If to Debtors:

Mark and Julie Byers
2192 South Nielson Street
Gilbert, AZ 85295

26. Any notice, demand or request is deemed given upon hand delivery or transmission by facsimile, and on the first business day after transmission by mail.

**DATED** this _Jan 20_, 2014.

_____
Julie A. Byers

_____
Mark G. Byers

**CLARK HILL PLC**

By: /s/ _____
Mark S. Sifferman
Attorneys for Eagle Produce, L.L.C.

**LAW OFFICE OF AMBER L. GUYMON, PLLC**

By: /s/ _____
Amber L. Guymon
Attorneys for Debtors

9315698.3 32411/135064

– 6 –